# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00017-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RUSSELL THOMAS MELILLO,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Russell Thomas Melillo's second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and request for counsel. (Doc. No. 47). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2018, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (Doc. No. 21). He was sentenced to 92 months imprisonment plus five years of supervised release. (Doc. No. 35).

Defendant is a 45-year-old male confined at FCI Beckley, a medium-security federal corrections institution in West Virginia, with a projected release date of September 14, 2024. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He states he is at high risk to contract COVID-19. In his prior motion for compassionate release, he stated that he suffered from cardiac arrest with aspiration resulting in

severe lung damage, heart damage, hypertension, Hepatitis-C, involuntary constant cough, seizures from post-concussive disorder, long history of psychiatric disorder to include hospitalization and commitment, and a history of positive TB tests. (Doc. No. 40, at 1-2). According to his Presentence Report, he has a seizure disorder and is prescribed Lamictal and Lisinopril to treat the condition. (Doc. No. 30, ¶ 63). Additionally, he has a history of mental health issues and has attempted suicide seven times and been diagnosed with bi-polar disorder, schizoaffective disorder, mania, and attention deficit and hyperactive disorder. *Id.* ¶ 64. Defendant did not attach any medical records to his motion. However, in the Government's response to Defendant's prior motion for compassionate release, the Government attached 247 pages of BOP medical records covering the period from April 2019 to July 20, 2020. (Doc. No. 43, Exhibit 1). The Government noted that the Defendant's current conditions include hypertension for which he is prescribed medication. (Doc. No. 43, at 20). Furthermore, the Government noted that all of Defendant's medical conditions appear to be well managed by medication. *Id.*

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-

jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). Defendant claims to have petitioned the warden for compassionate release on May 8, 2020, heard no answer and that 30 days has passed. While he attaches a form entitled request to staff dated May 8, 2020, it is not signed by any member of the prison within the appropriate boxed signature line. (Doc. No. 47, at 4). This Court has seen enough request forms to know that the staff and warden always sign in the appropriate box located at the bottom of the page. Thus, the Court is unable to verify whether or not it was sent to or received by the warden. The motion fails to show

that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a request.

According to the BOP's website, FCI Beckley currently has 6 inmates and zero staff with confirmed active cases of COVID-19. There are over 1,200 inmates at FCI Beckley. There have been no inmate nor staff deaths while zero inmates have recovered and 1 staff has recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few current cases amongst the inmate population and none with the staff at FCI Beckley, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Beckley are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Beckley. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic, especially given his health conditions. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1

(E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's motion without prejudice to a renewed motion once he has appropriately exhausted his administrative remedies.

### III. APPOINTMENT OF COUNSEL

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

### IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release and request for counsel (Doc. No. 47), is **DENIED** without prejudice to a renewed motion after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: September 9, 2020

Kenneth D. Bell
United States District Judge